

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ANGELA M. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-G-2590-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Angela M. Clark, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Angela M. Clark filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.  In particular, the court notes the ALJ found that the plaintiff had not sought treatment for her alleged mental impairment from either mental healthcare providers or her primary care physicians.  The ALJ also noted that the plaintiff reported a number of impairments to the consultative mental examiner, Dr. Tenbrunsel, that she had not reported to the physical consultative examiner, Dr. Lary, just three days previously.  The ALJ found this to be evidence of malingering.   These examples, and the record as a whole,  provide substantial evidence to support the ALJ's decision.  Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 7 February 2012.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.